SUMMONS ISSUED

FILED
CLERK
2011 MAY 25 PM 12: 00
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---

CIVIL ACTION NUMBER:

CV 11-2515

COMPLAINT

TRIAL BY JURY IS DEMANDED

BLOCK, J.
POHORELSKY, M.J.

Plaintiff, John Claudino, by his Attorneys, Pecoraro & Schiesel LLP, states as his Complaint against Defendants Thomas Garritano and Karen Garritano, as follows:

**PARTIES & BACKGROUND**

1. This is a personal injury negligence case arising out of a slip and fall on defendants' property on February 7, 2011. The fall occurred on the sidewalk abutting defendants' premises which is located at located at 71 Fern Avenue, Staten Island, New York. At the time of the fall, the plaintiff was lawfully walking on defendants' sidewalk when he was caused to slip and fall on a dangerous, hazardous trap-like condition consisting of black ice. Plaintiff's fall was caused by each defendants' negligence by failing to properly shovel their property, in negligently removing snow from their sidewalk, by allowing ice and black ice to accumulate on the sidewalk, by failing to remove ice and black ice, by failing to salt their sidewalk after removing snow from the sidewalk. The plaintiff is seeking monetary damages as a result of injuries that he sustained, which include, but is not limited to, multiple ankle fractures resulting in surgery.

2. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sections 1332 on the grounds that plaintiff is a resident of New Jersey and defendants are residents of New York State.

3. This Court has personal jurisdiction over the defendants as the defendants are

residents and domiciliaries of New York State, and the acts complained of herein occurred on the defendants' property located within the State of New York, County of Richmond.

4. Pursuant to 28 U.S.C. 1391, venue is proper in the Eastern District of New York because the negligent actions and omissions complained of herein occurred in Richmond County, New York and the defendants are residents of Richmond County, New York.

5. Plaintiff is a resident of the State of New Jersey, County of Bergen.

6. Defendant Thomas Garritano is a resident of the State of New York, County of Richmond.

7. Defendant Karen Garritano is a resident of the State of New York, County of Richmond.

**FIRST CLAIM FOR RELIEF**

8. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "7", inclusive, with the same force and effect as if set forth herein at length.

9. On February 7, 2011, the defendants were the owners of a certain parcel of real property commonly known as and located at 71 Fern Avenue, Staten Island, New York.

10. That 71 Fern Avenue, Staten Island, New York has a sidewalk abutting the property which members of the general public walk upon.

11. That after a snowfall, but prior to the time that plaintiff slipped and fell, the defendants, their agents or employees, shoveled and removed snow from their property, including snow on the sidewalk which abuts their property at 71 Fern Avenue, Staten Island New York.

12. That when the defendants, their agents or employees undertook to remove snow from the sidewalk, the defendants had a duty to keep the sidewalk in safe condition for public use, free and clear of dangerous, trap-like conditions like snow, ice and black ice.

13. That on February 7, 2011, the plaintiff, John Claudino, was walking on the

aforementioned sidewalk abutting and adjacent to the premises owned by defendants when he was caused to slip and fall as a result of defendants' failure to keep the sidewalk free and clear of ice and black ice after snow removal.

14. That plaintiff's slip and fall occurred solely and wholly by reason of the negligence, carelessness, recklessness, and culpable conduct of the defendants, jointly and severally, individually, or through their agents and employees (for which they are vicariously liable), by: creating, maintaining and permitting to remain a dangerous, hazardous, trap-like condition, constituting a hazard to persons in the area, inclusive of the plaintiff; by failing to remove the snow properly; by failing to place salt on the sidewalk, by failing to place sand on the sidewalk; in failing to inspect the sidewalk: in allowing, permitting and causing the sidewalk to become covered with a sheet of dangerous back ice; in failing to adequately and timely inspect, maintain, and clean ice, snow and other precipitation from the sidewalk and their adjacent property; by creating a slippery condition and fall hazzard, by creating and worsening the dangerous condition; by allowing melting snow and ice from defendants' property to create and/or worsen the condition; by creating or worsening the condition by redistributing snow and ice from one location on the property to another and then permitting it to melt onto the sidewalk and create black ice; by failing to warn people of said conditions; and by creating the conditions complained of herein.

15. That the defendants had actual notice of the dangerous icing condition because defendants created the condition.

16. That the defendants had constructive notice of the dangerous icing condition because the condition remained on the sidewalk for a long period of time. Had defendants

inspected the sidewalk, they would have discovered the dangerous condition.

17. That by reason of the defendants' aforementioned negligence and culpable conduct, the plaintiff was rendered, and still remains, sick, sore, lame, bedridden, deformed and disabled.

18. That by reason of defendants' negligence and culpable conduct, the plaintiff sustained permanent physical, orthopedic and neurological injuries, including, but not limited to, multiple ankle fractures requiring surgery followed by a long course of rehabilitation.

19. That the plaintiff suffered, and will continue to suffer, pain, anguish, anxiety and discomfort, and was forced expend and incur considerable expense and indebtedness for medical care, treatment, and observation, and was confined to bed and home due to said injuries, and continues to be unable to fully attend to his usual endeavors, activities, and interests.

20. That the plaintiff's injuries are wholly and solely caused by the negligence, carelessness and recklessness of the defendants, individually, and by and through their agents and employees, without any fault or lack of due care on the part of the plaintiff herein.

21. As a direct and proximate result of defendants' negligence, the plaintiff claims as damages the reasonable cost and value of all necessary past and future medical treatment, past and future lost wages and past and future pain and suffering. The plaintiff also claims all other damages cognizable under the law.

22. The plaintiff hereby demands a trial by jury on all claims for relief.

**AD DAMNUM**

For the foregoing reasons, the Plaintiff, John Claudino, respectfully prays for judgment and execution against each defendant in the sum of $2,000,000.00 for his injuries together with interest, costs, and disbursements.

Dated: New York, N.Y.
May 16, 2011

Respectfully submitted,

Steven Schiesel

Pecoraro & Schiesel
By: Steven G. Schiesel, Esq. (SS-4627)
Attorney for Plaintiff
41 Madison Avenue, Suite 4000
New York, New York 10004
(212) 344-5053

To:

Thomas Garritano
71 Fern Avenue
Staten Island, New York 10308

Karen Garritano
71 Fern Avenue
Staten Island, New York 10308

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| JOHN CLAUDINO<br>*Plaintiff*<br>v.<br>THOMAS GARRITANO and KAREN GARRITANO<br>*Defendant* | ) ) ) ) ) ) ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Thomas Garritano, 71 Fern Avenue, Staten island, New York 10308
Karen Garritano, 71 Fern Avenue, Staten island, New York 10308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Pecoraro & Schiesel, LLP
41 Madison Avenue, Suite 4000
New York, New York 10010
(212) 344-5053

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*