UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

----------------------------------------x

CV11-2515

**VERIFIED ANSWER AFFIRMATIVE DEFENSES AND DEMANDS**

The defendants **THOMAS GARRITANO** and **KAREN GARRITANO**, by their attorneys, **LONGO & D'APICE, ESQS.**, answering the Complaint of the plaintiff herein, allege:

**ANSWERING PARTIES & BACKGROUND**

1. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "2", "3", "4" and "5" of the plaintiff's Complaint.

2. Denies each and every allegation contained in paragraph numbered and designated "1" of the plaintiff's Complaint.

**ANSWERING CLAIM FOR RELIEF:**

3. Denies each and every allegation contained in paragraph of the Complaint numbered and designated "8", except as otherwise pleaded herein.

4. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "10", "11" and "12" of the plaintiff's Complaint.

5. Denies each and every allegation contained in paragraphs numbered and designated "13", "14", "15", "16", "17", "18", "19", "20" and "21" of the plaintiff's Complaint.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANTS SHOW TO THIS COURT AND ALLEGE:**

6. That any injury or injuries sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the defendants, but were caused solely by the negligence and carelessness on the part of the plaintiff, and that said negligence and carelessness on the part of the plaintiff contributed to and caused the injuries complained of.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANTS SHOW TO THIS COURT AND ALLEGE:**

7. That the injuries and damages allegedly sustained by the plaintiff were caused by the failure and refusal of the plaintiff to exercise adequate care and caution in the premises, and by his assumption of all risks involved therein, plaintiff knew or should have known each and every risk involved therein and with the aforesaid knowledge engaged in the activities which subsequently led to his injuries.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANTS SHOW TO THIS COURT AND ALLEGE:**

8. That in the event the defendants herein are held liable, such liability shall be limited in accord with the provisions of C.P.L.R. Sec. 1601, et seq.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANTS SHOW TO THIS COURT AND ALLEGE:**

9. Pursuant to C.P.L.R.§4545, plaintiff's recovery should be reduced by any amounts received or to be received by plaintiff from collateral sources of payment.

**WHEREFORE**, the defendants demand judgment dismissing the Complaint herein, together with costs and disbursements.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO, CV11-2515

Plaintiff, **INTERROGATORIES**

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

S I R S:

**PLEASE TAKE NOTICE**, that the answering defendants hereby demand that plaintiff serves the following particulars of plaintiff's alleged cause(s) of action herein within twenty (20) days from the date of service of this demand herein:

1. Set forth the present residence address of the plaintiff herein.

2. Set forth the date and exact time of day of the occurrence herein.

3. State the precise location of the occurrence herein in sufficient detail to permit identification.

(a) If said accident occurred on the sidewalk, the address of the nearest premises and the distance and direction from said location to said premises;

(b) If said accident occurred in the roadway, the distance and direction of said location to the nearest street intersection and to the nearest curb.

4. The condition which, it is claimed, was the cause of the said occurrence.

5. Specify in detail what constituted the careless and negligent actions of the answering defendants claimed to have been responsible for the alleged occurrence.

6. Set forth the acts and/or omissions alleged to constitute the negligence of the answering defendants, and if it is claimed the answering defendants violated any specific law, rule or regulation, set forth the specific law, rule or regulation claimed to have been violated with the specific sections of the law.

7. Describe the actions of plaintiff in detail immediately prior to and at the time of the alleged occurrence.

8. State specifically in what manner the answering defendants failed to maintain the aforesaid sidewalk, thereby causing the plaintiff to sustain the injuries alleged.

9. State in what manner the answering defendants failed to comply with Article 3, Section 78, of the Multiple Dwelling Law of the State of New York.

10. Set forth the nature, extent, location and duration of each and every injury alleged to have been sustained by the plaintiff, and which, if any, are claimed to be permanent in nature.

11. The length of time, giving specific dates, plaintiff was confined to (a) the hospital; (b) to bed and (c) to home, as a result of the alleged injuries.

12. Set forth and separately state each amount as special damages for:

(a) Physician's services and medical supplies.
(b) Nurses' services;
(c) Hospital expenses, with the name and address of the hospital;
(d) X-ray services;
(e) If plaintiffs are students, set forth the names and addresses of the schools attended at the time of the occurrence.

13. If actual notice is claimed, set forth:
(a) was such notice written or oral: If oral, set forth the substance thereof: If written, annex a true, accurate and clearly legible copy thereof; state when, where, by whom and to whom such notice was given.

(b) constructive notice is claimed, set forth for how long a period of time it is alleged the said condition existed.

14. State the age of the plaintiff at the time of the alleged occurrence, setting forth the date of birth of said plaintiff.

15. Set forth the names and addresses of any known witnesses to the alleged occurrence.

16. Set forth in precise detail the specific facts upon which plaintiff bases his claim for punitive damages.

**PLEASE TAKE FURTHER NOTICE**, that in the event of the plaintiff's failure to comply with the foregoing demand within twenty (20) days, the answering defendants will move to preclude plaintiff from offering any evidence as to any allegations of the Complaint of which particulars were demanded.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

--------------------------------------x

**DEMAND FOR COPIES OF PLAINTIFF'S MEDICAL & HOSPITAL RECORDS AND BILLS**

S I R:

**PLEASE TAKE NOTICE**, that pursuant to the Rules of the Appellate Division, Second Department, demand is hereby made upon the plaintiff or his attorneys to:

1. Serve upon and deliver to the attorneys for the defendants copies of the medical reports of those physicians who have previously treated or examined the plaintiff and who will testify on his behalf. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technician's reports which will be offered at the trial.

2. Serve upon and deliver to the attorneys for the defendants duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records and such other records including x-rays and technician's reports as to be referred to and identified in the statement of the plaintiff's physicians.

3. Serve upon and deliver to the attorneys for the defendants duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of the No-Fault file.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with this Demand, the plaintiff will be precluded upon the trial of the within action from offering in evidence or testifying as to any of the reports, records or examinations demanded herein.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO, CV11-2515

Plaintiff,

**DEMAND FOR COLLATERAL SOURCE INFORMATION**

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

S I R S:

**PLEASE TAKE NOTICE**, that if the plaintiff is claiming damages for the recovery of costs for medical care, dental care, custodial care, rehabilitation services, loss of earnings or other economical loss, then:

**PLEASE TAKE NOTICE**, that demand is hereby made pursuant to Section 4545(c) of the C.P.L.R. for records, notices, invoices, cancelled checks, insurance contracts, statements, premium invoices, bills, union benefit contracts, statements of accounts, correspondence, notations and memoranda, by whatever name known, that would reflect the following:

1. The amount paid to or on behalf of the plaintiff by insurance, social security, worker's compensation, employee benefits programs, medical care programs or other collateral sources replacing or indemnifying plaintiff for the costs claimed to be items of damage;

2. The amounts paid by the plaintiff, if any, to the collateral source provider (or others) for the period of two (2) years prior to the date of the incident complained of in plaintiff's Complaint;

3. The amounts paid or reasonably anticipated to be paid, if any, by the plaintiff to the collateral source provider (or others) for the period beginning on the date of the incident complained of in the Complaint, to the time when such damage costs were no longer paid.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce the aforesaid information and/or documents within thirty (30) days, a motion may be made and costs may be requested.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is a continuing demand. In the event any of the above are obtained after this demand, they are to be furnished to the undersigned within thirty (30) days of receipt.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

CV11-2515

**DEMAND FOR DISCLOSURE AS TO** **<u>MEDICARE/MEDICAID LIEN</u>**

**S I R S:**

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the undersigned attorney for the defendants **THOMAS GARRITANO** and **KAREN GARRITANO**, hereby demand that you furnish us within thirty (30) days of the service of this Notice, the following:

1. A statement as to whether the plaintiff has received benefits from either Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action. If so, please state:

a. Plaintiff's date of birth;
b. Plaintiff's Social Security Number;
c. Plaintiff's resident telephone number;
d. The Medicare/Medicaid file number;
e. The address of the office handling the plaintiff's Medicare/Medicaid file;
f. Copies of all documents, records, memorandums, notes, etc. in plaintiff's possession pertaining to plaintiff's receipt of Medicare or Medicaid benefits, and
b. A duly executed authorization bearing plaintiff's date of birth and Social Security number permitting this firm and/or representative of defendants to obtain copies of plaintiff's Medicare or Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to C.P.L.R., this is a continuing demand and that you are required to serve the demanded information by the earliest of the following:

a. Within 30 days of the date of this demand;
b. Within 20 days of receiving the above-requested information;
c. No later than 30 days prior to the commencement of trial.

If you do not possess the above requested information, a letter or affidavit to that effect should be submitted.

**PLEASE TAKE FURTHER NOTICE**, that failure to provide the items demanded above within twenty (20) days will preclude plaintiff from proving liability, causation and damages at trial.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

CV11-2515

**NOTICE OF DISCOVERY & INSPECTION**

S I R S:

**PLEASE TAKE NOTICE** that the undersigned attorneys demand that you furnish the following:

1. The names and addresses of any witnesses known to plaintiff(s) and/or defendant(s) or their respective attorneys.

2. Set forth the name and address of each person Plaintiff(s) will or expects to call as an expert witness at trial and disclose in reasonable detail the subject matter on which each expert is expected to testify the qualifications of each expert witness and a summary of the grounds for each expert's opinion.

3. Pursuant to Section 3101(e) C.P.L.R., a copy of any and all statements, abstracts of records and/or writings obtained from the answering Defendant(s), his, her, and/or their agents, servants and/or employees, with regard to the within litigation and which will be used on the trial herein.

4. Any and all photographs under the control of the Plaintiff(s) and/or co-Defendant(s) or their respective attorney(s), showing the scene of the accident herein, at the time of the alleged accident, and upon which is intended to be introduced into evidence upon the trial herein.

5. A copy of the accident report filled out by the Plaintiff(s) and or co-Defendant(s), or their respective attorneys, following the occurrence herein, and taken in the course of business and prior to the litigation herein.

6. Pursuant to Rule 2103(3) C.P.L.R., the names and addresses of each and every party and attorney(s) appearing in this action.

7. With respect to insurance coverage (a) each and every primary, contributing excess insurance agreement which was in effect at the time of the occurrence herein; (b) each and every insurance agreement in which the insurer is obligated to defend this action, for the purpose of permitting answering Defendant(s) and/or their representatives to inspect and make a copy of the contents thereof.

**SAID ITEMS** are to be produced for inspection and photocopying on July 26, 2011 at 2:00 P.M., at the offices of the undersigned attorneys.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

CV11-2515

**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

C O U N S E L:

**PLEASE TAKE NOTICE**, that pursuant to Rule 30, et seq.,F.R.C.P., the testimony upon oral examination of the persons named shall be taken before a Notary Public, as follows:

**PARTIES TO BE EXAMINED:** The Plaintiff **JOHN CLAUDINO**

**DATE AND TIME:** At a Date, time and place to be fixed by the Magistrate at a Status Conference to be held herein.

**PLACE:** U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK at Cadman Plaza Brooklyn, N.Y.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO, CV11-2515

Plaintiff,

-against -

**DEFENDANTS' DISCLOSURE OF INTERESTED PARTIES**

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

I, **MARK A. LONGO, ESQ.**, attorney for defendants **THOMAS GARRITANO** and **KAREN GARRITANO** having filed an initial pleading in the Court pursuant to Local General Rule 9 of the Local Rules for the Southern and Eastern Districts of New York:

**THAT** the Defendants **THOMAS GARRITANO** and **KAREN GARRITANO** are insured by Allstate Insurance Company.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

---------------------------------------x

CV11-2515

**DEFENDANTS' RESPONSE**
**TO RULE 26 DISCLOSURE**

**S I R:**

The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** by their attorneys **LONGO & D'APICE, ESQS.,** respectfully respond to the mandatory disclosure requirements pursuant to F.R.P.C. Rule 26, in connection with the above captioned as follows:

1. The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** are insured by Allstate Insurance Company and will provide amounts of insurance coverage at a later date.

2. The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** are presently unaware of any witnesses to the within subject occurrence other than those parties to the above captioned matter.

3. The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** do not presently possess any statements of the plaintiff.

4. The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** do not presently possess any pictures, videotapes, photographs taken of (a) the scene of the accident; (b) the plaintiffs; or (c) the instrumentalities involved in said accident.

5. The defendants **THOMAS GARRITANO** and **KAREN GARRITANO** have not retained an expert witness at the present time, but reserve the right to appoint an expert witness in the future.

**PLEASE TAKE NOTICE**, that the defendants **THOMAS GARRITANO** and **KAREN GARRITANO** reserve the right to supplement any part of their response if pertinent information becomes available at a later date.

Dated: Brooklyn, New York
June 21, 2011

LONGO & D'APICE, ESQS.

By: MARK A. LONGO, ESQ.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684
Our File No. **A1784W**

TO:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212)344-5053

**V E R I F I C A T I O N:**

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, COUNTY OF KINGS SS:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am **MARK A. LONGO, ESQ.**, the attorney of record for defendants **THOMAS GARRITANO** and **KAREN GARRITANO** in the within action; I have read the foregoing **VERIFIED ANSWER AFFIRMATIVE DEFENSES AND DEMANDS**, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by defendants - do not reside in County wherein deponent's office is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

A review of the file(s) maintained in this office.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Brooklyn, New York
June 21, 2011

MARK A. LONGO

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, COUNTY OF KINGS SS:

I, **PHYLLIS SACCENTI**, being sworn, say: I am not a party to the action, am over 18 years of age and reside at **Brooklyn, New York**, 11215.

On **June 21, 2011**, I served the within **VERIFIED ANSWER AFFIRMATIVE DEFENSES AND DEMANDS**, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

PECORARO & SCHIESEL, LLP
Attorneys for Plaintiff
41 Madison Avenue - Suite 4000
New York, New York 10010
(212) 344-5053

PHYLLIS SACCENTI

Sworn to before me on this
21st day of June, 2011.

NOTARY PUBLIC

MARK A. LONGO
Notary Public, State of New York
No. 02LO4655104
Qualified in Kings County
Commission Expires July 31, 2013

**CV11-2515**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN CLAUDINO,

Plaintiff,

-against-

THOMAS GARRITANO and KAREN GARRITANO,

Defendants.

VERIFIED ANSWER AFFIRMATIVE
DEFENSES AND DEMANDS

Law Offices of
LONGO & D'APICE, ESQS.
Attorneys for Defendants
26 Court Street - Suite 1700
Brooklyn, New York 11242
(718) 855-5684